UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALEXANDER HAMPTON, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Case No. 3:24-cv-3047-SEM-EIL |
| | ) |
| WESTERN ILLINOIS | ) |
| CORRECTIONAL CENTER, | ) |
|     Defendant. | ) |

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff *pro se* Alexander Hampton has filed a Complaint (Doc. 1) under 42 U.S.C. § 1983 that is before the Court for screening. For the following reasons, Plaintiff's Complaint is dismissed without prejudice.

### I. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* In reviewing the complaint, the Court

accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Facts Alleged

At all times relevant to his Complaint, Plaintiff was an inmate at Western Illinois Correctional Center.

Plaintiff alleges that on December 28, 2023, he was placed in cell R4-B-18. Overnight, the toilet in that cell backed up, and sewage—including urine, feces, blood, and used toilet paper—spilled onto the floor.

## III. Analysis

"Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King,* 745 F.3d 242, 246 (7th Cir. 2014). Therefore, a building, such as a jail or correctional facility, cannot be sued under § 1983. *Smith v. Knox County Jail,*

666 F.3d 1037, 1040 (7th Cir. 2012); *see also White v. Knight*, 710 F. App'x 260, 262 (7th Cir. Jan. 29, 2018).

In his Complaint, Plaintiff has not identified any person who may be sued under § 1983. The docket lists only Western Illinois Correctional Center, a building, as the Defendant in this matter.

Plaintiff may have an Eighth Amendment conditions of confinement claim. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official can be found liable under Eighth Amendment for denying humane conditions of confinement if "the official knows of and disregards an excessive risk to inmate health or safety"). However, as pled, Plaintiff has not identified any person under § 1983 who allegedly knew of and disregarded such risk.

The Court notes that since filing his Complaint Plaintiff has filed Exhibits (Docs. 13, 14) in the form of grievances. In at least one of these grievances, Plaintiff complains that he spoke to Officer Brunenn and Sergeant Callahan regarding his toilet and they told him that they did not care. However, Plaintiff did not move to amend his Complaint to name these individuals, nor does the Court accept piecemeal amendments to pleadings. Instead, any proposed amended complaint must completely replace the original Complaint

and stand on its own without reference to or reliance upon the earlier Complaint.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

Because Plaintiff may not sue Western Illinois Correctional Center, his Complaint must be dismissed.  Plaintiff will be granted leave to file an amended complaint if he wishes to name one or more Defendants who are persons who may be sued under § 1983.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint [1] is DISMISSED without prejudice.**
2) **Plaintiff's deadline to file an amended complaint is 21 days from entry of this Order.  If Plaintiff does not file an amended complaint by that deadline, this case will be dismissed.**

ENTERED April 30, 2025.

s/ *Sue E. Myerscough*
_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE